UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRIBECA CONDOMINIUM,

                            Petitioner,

- Against –

KYLE BRAGG, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,
and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC.,

                            Respondents.
------------------------------------------------------------------X

2021 CV __06851__

**VERIFIED PETITION
TO CONFIRM
ARBITRATION AWARD**

       Petitioner The Tribeca Condominium ("Condominium" or "Petitioner"), by its undersigned counsel, as and for its petition against respondent Kyle Bragg, President, Local 32BJ, Service Employees International Union ("Union") and Realty Advisory Board on Labor Relations, Inc. ("RAB")[1], respectfully alleges as follows:

       1.      This is an application to confirm an arbitration award issued pursuant to the terms of a collective bargaining agreement between the parties. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which grants federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization, including petitions to confirm labor arbitration awards. 29 U.S.C. 185(a). Venue is proper in the Manhattan courthouse of this District because The Tribeca Condominium's principal place of business is located at c/o First Service Residential, 333 7th Avenue, 5th Floor, in the County and State of New York.

---

[1] RAB is a nominal respondent in this action. RAB was aligned with the rights of the Employer, The Tribeca Condominium, under the terms of the Collective Bargaining Agreement at issue in the underlying arbitration.

2. On or around April 2018, respondents RAB and Union entered into a written collective bargaining agreement ("CBA") effective April 21, 2018 through April 20, 2022, a copy of which is annexed hereto as Exhibit A.

3. The CBA provides that if the parties disagree as to "interpretation, application[,] or performance of any part of [the] Agreement," they may submit the dispute to an arbitrator, who "shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application[,] or performance of this Agreement." (Ex. A, at 15).

4. The CBA states in relevant part that:

> The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved. Nothing herein shall be construed to forbid either party from resorting to court relief from, or to enforce rights under, any award.

(Ex. A, p. 17-18).

5. Pursuant to the terms of the CBA, respondents RAB and Union agreed to submit any disputes arising out of the CBA to binding arbitration before the Contract Arbitrator as designated by the CBA in accordance with the CBA Arbitration rules.

6. Eugene Camilleri ("Grievant") was employed by the Condominium as its building superintendent at 303 Greenwich Street in Manhattan for nearly 10 years. On or about October 1, 2020, Grievant's employment was terminated by the Condominium. Grievant's employment and the termination thereof are governed by the CBA.

7. On or about October 7, 2020, the Union submitted a letter complaint to the Contract Arbitrator alleging that Grievant was unjustly discharged. The Condominium, as former employer,

and RAB, as a signatory to the CBA, were made parties to the arbitration. The said complaint was by mutual consent of the parties submitted to the Contract Arbitrator for adjudication and award.

8. In accordance with the rules of the CBA, Petitioner, RAB and Union duly deferred selection of an arbitrator to the Office of the Contract Arbitrator ("OCA"); in turn, OCA assigned this matter to John L. Anner (the "Arbitrator"), to serve as Arbitrator and to hear and determine their dispute concerning the building superintendent.

9. Upon due notice to Petitioner, RAB and the Union, hearings scheduled on March 3, April 1, April 15, May 6 and May 18, 2021, were held by the Arbitrator (the "Arbitration"), at which time Petitioners and Respondent were afforded an opportunity to present, and did in fact present, evidence, including witnesses and documentary exhibits pertaining to their dispute.

10. After having taken the oath prescribed by law and after Petitioner, RAB and the Union had duly appeared before him and submitted their proofs, and having considered all of the evidence and arguments submitted by Petitioner, RAB and the Union and having come to a decision, the Arbitrator duly made an opinion and written award (the "Award"), signed on June 16, 2021. A copy of the Award is annexed hereto as Exhibit B.

11. In the Award, the Arbitrator posed the following question:

**QUESTION**

Did the Employer violate the [CBA] Agreement when it terminated the Grievant? If so, what shall the remedy be? If not, is the Grievant entitled to severance pay?

(See, Ex. B, p. 8).

12. In the Award, the Arbitrator determined and awarded the following:

## AWARD

> (1) The grievance regarding the Grievant's termination is denied.
>
> (2) The Employer [Condominium] shall pay to the Grievant eleven weeks' severance pay provided he vacates his apartment within three weeks from the date the Union receives a copy of this Award.

(*See*, Ex. B, p. 14).

13. The Union admitted in correspondence to the Arbitrator that it received the Award on June 17, 2021 and that, pursuant to the Award, Grievant's "deadline [to vacate the apartment] is this Thursday, July 8, 2021".

14. The Award was subsequently reaffirmed in its entirety by the Arbitrator on July 9, 2021, except that the Grievant's time to vacate the apartment was extended to 5:00 PM on July 12, 2021. A copy of the email Ruling from the Arbitrator to counsel for the respective parties is annexed hereto as Exhibit C.

15. Prior to 5:00 PM on July 12, 2021, Grievant surrendered possession of the Unit and delivered keys to the Unit to the Condominium in accordance with the Award, as modified.

16. On July 13, 2021, the Condominium caused to be transmitted by wire directly into the account of the Grievant payment in full for the eleven (11) weeks of severance in accordance with the Award, as modified; Grievant accepted the Condominium's said payment in full.

17. The Award, as modified, has been fully executed by the parties to the Arbitration.

18. The Award was made in accordance with the terms of the CBA and is in all respects proper.

19. The Award has not been vacated or modified, except that Grievant's time to vacate the premises was extended by four (4) days and Grievant vacated the apartment and delivered the

keys to the apartment in accordance with the said extension of time. This application is made within one (1) year after the delivery of the Award.

20. Accordingly, the Award, as modified, should be confirmed in its entirety and a judgment should be entered in favor of Petitioners and against Respondent (a) denying the grievance regarding Grievant's termination, and (b) directing The Tribeca to pay Grievant eleven weeks' severance pay provided he vacates the apartment by 5:00 PM on July 12, 2021.

21. No prior application has been made for the relief requested herein.

WHEREFORE, it is respectfully requested that the Court issue an Order confirming the Award and granting Petitioner judgment against respondents RAB and the Union (a) denying the grievance regarding Grievant's termination, and (b) directing The Tribeca to pay Grievant eleven weeks' severance pay provided Grievant vacates the apartment by 5:00 PM on July 12, 2021, together with such other and further relief as may be just, proper and equitable, including the costs and disbursements of this proceeding.

Dated: Yonkers, New York
      August 3, 2021

SMITH BUSS & JACOBS, LLP

By: _____
    Eric P. Blaha, Esq.
    733 Yonkers Avenue, Suite 200
    Yonkers, New York 10704
    (914) 457-4163
    eblaha@sbjlaw.com

*Attorneys for Petitioner*
*The Tribeca Condominium*

To:    Kyle Bragg, President
Local 32BJ, Service Employees International Union
25 West 18 Street
New York, New York 10011

To:    Realty Advisory Board on Labor Relations, Inc.
One Penn Plaza, Suite 2110
New York, New York 10119
Attn:   Stephen Halouvas, Esq.
        shalouvas@rabolr.com

## VERIFICATION

STATE OF NEW YORK      )
                       )
COUNTY OF NEW YORK     )

Leonardo Toni, being duly sworn, deposes and says:

1. I am an officer of the Board of Managers of The Tribeca Condominium, the Petitioner in the above-titled action.

2. I have read the foregoing petition and know the content thereof. The same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to these matters I believe them to be true.

_____
Leonardo Toni

Sworn to before me this
3rd day of August 2021

_____
Notary Public

DONDRE STEVEN PERRY
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE636856
Qualified in New York County
My Commission Expires 12/18/2024

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRIBECA CONDOMINIUM,

                             Petitioner,

  - Against –

KYLE BRAGG, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,
and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC.,

                             Respondents.
------------------------------------------------------------------X

**CERTIFICATION OF STEPHEN HALOUVAS**

      Stephen Halouvas, an attorney duly licensed to practice law in the state of New York and admitted to this Court, hereby certifies the following:

      1.     I am affiliated with Realty Advisory Board on Labor Relations, Inc. ("RAB") in connection with the captioned action, and respectfully submit this Certification in support of petitioner's motion ("Motion") to confirm the arbitration award that is the subject of this action based upon my familiarity with the file maintained by RAB.

      2.     Copies of the following documents are submitted in support of the Motion:

        a.  The collective bargaining agreement ("CBA") between RAB and Respondent Local 32BJ SEIU, effective April 21, 2018 through April 20, 2022, is annexed as Exhibit A.

        b.  The opinion and written award (the "Award"), signed by the arbitrator on June 16, 2021, is annexed as Exhibit B.

        c.  The email Ruling from the Arbitrator to counsel for the respective parties reaffirming the Award, dated July 9, 2021, is annexed as Exhibit C.

1

Dated: New York, New York
       August 3, 2021

                                      REALTY ADVISORY BOARD
                                      ON LABOR RELATIONS, INC.

                                      By: _____
                                           Stephen Halouvas, Esq.
                                           One Penn Plaza, Suite 2110
                                           New York, New York 10119
                                           212-889-4100
                                           shalouvas@rabolr.com

                                        *Attorneys for RAB*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE TRIBECA CONDOMINIUM,                                2021 CV _____

                          Petitioner,                   Hon.

- Against –

                                          **ORDER CONFIRMING**
KYLE BRAGG, PRESIDENT, LOCAL 32BJ,   **ARBITRATION AWARD**
SERVICE EMPLOYEES INTERNATIONAL UNION,
and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC.,
                          Respondents.
-------------------------------------------------------------------X

      **THIS MATTER** having been opened to the Court by Smith Buss & Jacobs, LLP as attorneys for petitioner The Tribeca Condominium, pursuant to a motion to confirm a certain arbitration award signed and dated as of June 16, 2021; and this Court having fully considered the matter; and for good and sufficient cause shown;

      **IT IS** on this _____ day of _____, 2021

      **ORDERED AND ADJUDGED** that the Award of John L. Anner dated June 16, 2021 in the matter of the arbitration of the parties hereto shall be and is hereby Confirmed as modified; and it is further

      **ORDERED AND ADJUDGED** that in accordance with the said Award:

1. Respondent Union's grievance regarding grievant Eugene Camilleri's termination of employment as building superintendent for The Tribeca Condominium is denied, and

2. Petitioner The Tribeca Condominium shall pay to Grievant eleven weeks' severance pay provided he vacates the superintendent's apartment no later than 5:00 PM on July 12, 2021.

                                                        _____
                                                          United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

THE TRIBECA CONDOMINIUM,                        2021 CV 06851

                                      Petitioner,            Hon.

- Against –

                                                         **CERTIFICATION OF**
KYLE BRAGG, PRESIDENT, LOCAL 32BJ,           **SERVICE**
SERVICE EMPLOYEES INTERNATIONAL UNION,
and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC.,

                                     Respondents.
------------------------------------------------------------------X

         I hereby certify that a copy of the Civil Cover Sheet, Notice of Petition to Confirm Arbitration Award, Verified Petition to Confirm Arbitration Award with Exhibits, Certification in Support, Brief in Support of Petitioner's Application for Confirmation of Arbitration Award, Proposed Form of Order, and Rule 7.1 Disclosures were sent via the Court's electronic filing system (ECF), and by certified mail to Respondents Union and RAB at the addresses that follow:

To:     Kyle Bragg, President
        Local 32BJ, Service Employees International Union
        25 West 18 Street
        New York, New York 10011

To:     Realty Advisory Board on Labor Relations, Inc.
        One Penn Plaza, Suite 2110
        New York, New York 10119
        Attn:    Stephen Halouvas, Esq.

                                                  SMITH BUSS & JACOBS, LLP

                                                  By: _____
                                                  Eric P. Blaha, (EB 8756)
                                                  733 Yonkers Avenue, Ste. 200
                                                  Yonkers, New York 10704
                                                  (914) 457-4163
                                                  EBlaha@sbjlaw.com

                                                  *Attorneys for the Petitioner*

*The Tribeca Condominium*

Dated: Yonkers, New York
      August 13, 2021