UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE TRIBECA CONDOMINIUM,

                              Petitioner,

          v.

KYLE BRAGG, PRESIDENT, LOCAL 32BJ,
SERVICE EMPLOYEES INTERNATIONAL UNION,
and REALTY ADVISORY BOARD ON LABOR
RELATIONS, INC.,

                              Respondents.

21-CV-6851 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Petitioner seeks confirmation of an arbitration award entered against Respondents Local 32BJ, Service Employees International Union (the "Union") and Realty Advisory Board on Labor Relations, Inc. ("RAB"). Respondents do not oppose the Petition. For the reasons set forth below, the Petition is granted.

## BACKGROUND

Petitioner The Tribeca Condominium employed Eugene Camilleri as a building superintendent at 303 Greenwich Street for nearly 10 years. *See* Dkt. 4 ("Pet.") ¶ 6. In October 2020, Petitioner terminated Camilleri's employment. *Id.* Shortly thereafter, Respondent Union, Camilleri's bargaining representative, submitted a letter complaint to RAB's Office of the Contract Arbitrator alleging that Camilleri was unjustly discharged. *Id.* ¶ 7.

A collective bargaining agreement ("CBA") governs the employment relationship between various apartment buildings in New York and their service employees. *See id.* ¶ 2; Pet. Ex. A at 1. Respondent Union is a signatory to the CBA, as is Respondent RAB, a "nominal respondent" that is "aligned with . . . The Tribeca Condominium, under the terms of the Collective Bargaining

Agreement at issue" in this action. Pet. at 1 n.1. The CBA provides that any disputes arising out of the CBA will be submitted to binding arbitration. *See id.* ¶ 3. Specifically, it states that: "A Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement[.]" Pet. Ex. A at 16. The Union's complaint was, on consent of the parties, submitted to the Contract Arbitrator for adjudication and award. Pet. ¶ 7. The Office of the Contract Arbitrator assigned the matter to John L. Anner (the "Arbitrator"). *Id.* ¶ 8. The parties posed the following questions to the Arbitrator: "Did the Employer violate the [CBA] when it terminated [Camilleri]? If so, what shall the remedy be? If not, is [Camilleri] entitled to severance pay?" *Id.* ¶ 11.

After five days of hearings held between March and May 2021, during which Petitioner and Respondents were given an opportunity to present testimonial and documentary evidence, the Arbitrator issued an award (the "Award"). *See* Pet. Ex. B. The Arbitrator denied the Union's "grievance regarding [Camilleri's] termination" but ordered Petitioner to "pay to [Camilleri] eleven weeks' severance pay provided [that Camilleri] vacates his apartment within three weeks from the date the Union receives a copy of this Award". Pet. ¶ 12; Pet. Ex. B at 14. The Award was subsequently reaffirmed by the Arbitrator on July 9, 2021, except that Camilleri was given a four-day extension to vacate his apartment. Pet. ¶ 14. He did vacate the apartment on July 12, 2021, per the terms of the reaffirmed Award. *Id.* ¶ 15. The next day, Petitioner paid Camilleri eleven weeks of severance, which he accepted. *Id.* ¶ 16. The Award has thus been fully executed by the parties. *Id.* ¶ 17.

## PROCEDURAL HISTORY

On August 17, 2021, Petitioner filed the instant petition, seeking an order confirming the Award pursuant to 29 U.S.C. § 185. *See* Dkt. 4. According to a certification of service filed

alongside the petition, Respondents were served with the Petition on August 13, 2021. *See* Dkt. 4-7. On August 20, 2021, the Court ordered Petitioner to file and serve any additional materials by September 3, 2021; Respondents to file their opposition, if any, by September 24, 2021; and Petitioner to file its reply, if any, by October 3, 2021. Dkt. 8. On August 31, 2021, the parties submitted, and the Court so-ordered, a joint stipulation providing that Respondents would not oppose the Petition nor dispute the materials cited or facts submitted in support of the Petition. *See* Dkt. 11.

## STANDARD OF REVIEW

"Because arbitration awards are not self-enforcing, they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration, internal quotation marks, and citation omitted). Confirming an arbitration award is generally no more than "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 776 F.3d 126, 132 (2d Cir. 2015) (internal quotation marks and citation omitted); *see also* 9 U.S.C. § 9 ("[T]he court must grant such an order unless the award is vacated, modified, or corrected."). Because "[a]rbitration panel determinations are generally accorded great deference under the FAA," a "court is required to enforce the arbitration award as long as there is a barely colorable justification for the outcome reached." *Leeward Constr. Co. v. Am. Univ. of Antigua–Coll. of Med.*, 826 F.3d 634, 638 (2d Cir. 2016) (internal quotation marks and citation omitted). "[T]here is no general requirement that arbitrators explain the reasons for their award." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

An unanswered petition to confirm an arbitration award is treated as an unopposed motion for summary judgment. *See D.H. Blair & Co.*, 462 F.3d at 109–10. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

Petitioner argues that it is entitled to confirmation of the Award. Because there is no material issue of fact in dispute to preclude enforcement of the Award, the Court agrees.

First, Petitioner has presented undisputed evidence that arbitration was appropriate in this case. In relevant part, the CBA provides:

> A Contract Arbitrator shall have the power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement . . . The procedure herein with respect to matters over which a Contract Arbitrator has jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award being final and binding upon the parties and the employee(s) or Employer(s) involved.

Pet. Ex. A Art. VI. Here, the parties' dispute concerns whether Camilleri's termination was arbitrary under Article XVI A.3 of the CBA, and whether he was entitled to severance pay under Article XVI A.2 of the CBA. Pet. Ex. A at 59–61. The CBA's arbitration provision, therefore, encompasses the present dispute.

Second, Petitioner has submitted evidence demonstrating that Respondents participated in the arbitration proceeding and were given the opportunity to present arguments and defenses. The Union submitted two briefs to the Arbitrator, and presented testimony from several witnesses and documentary exhibits during the multi-day hearing. *See* Pet. Ex. B at 2–3, 9. According to the Award, the Arbitrator reviewed all of the Union's evidence before concluding that Petitioner "did not violate the [Collective Bargaining] Agreement when it terminated [Camilleri]", but that

4

Camilleri was "entitled to severance pay as provided under the Agreement." *See id.* at 9–12. The Award, pursuant to the CBA, is "final and binding upon the parties and the employee(s) or Employer(s) involved." Pet. Ex. A at 17–18. Petitioner has also presented evidence that Respondents were served with notice of this Petition, *see* Dkt. 4-7, which Respondents acknowledged and agreed not to oppose in a joint stipulation, *see* Dkt. 11.

In light of the evidence submitted, Petitioner has met its burden of "demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110. Accordingly, the Court confirms the Award.

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:   October 29, 2021
         New York, New York

Ronnie Abrams
United States District Judge